BANKS, Justice,
dissenting:
Only my opposition to this Court changing rules of procedure on the fly and applying them to cases then under consideration gives me pause in joining Justice McRae’s dissent. I join, nevertheless, because I agree whole *803 heartedly that our rule should be changed and that once changed, the reasoning of the United Stated Court of Appeals for the Fifth Circuit, with respect to retroactive application, should be considered. Our present rule, adopted verbatim from the federal rule, is just as much a trap to litigants in our Court as it proved to be to federal litigants. This is so despite the fact that by the time that we adopted the rule there were many years of experience in this area under the federal rules.
'My reluctance stems from my view that this Court does not act responsibly when exercising its rule making authority concomitantly with its adjudicatory function. We have done so in the past, however. See, e.g., New Hampshire Ins. Co. v. Sid Smith and Assoc., 610 So.2d 340, 344 (Miss.1992). Moreover, the situation here involved and the consequences of so doing virtually compel that we do so in the instant case. This Court refused to grant appellees’ motion to dismiss. This case has been fully briefed. It awaits only a decision. Surely, there is no unfair prejudice to appellees in deciding this case on the merits.
JAMES L. ROBERTS, Jr., J., joins this opinion in part.